**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHARLENE AARON,

    Plaintiff,

v.                                                                           Case No: 6:17-cv-533-Orl-40DCI

DRURY HOTELS COMPANY, LLC,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion for Involuntary Dismissal (Doc. 13), filed May 8, 2017. Plaintiff has not responded to Defendant's motion and the time for doing so has passed. This matter is therefore ripe for review.

**I.    BACKGROUND**

Plaintiff initiated this lawsuit in state court on January 1, 2017. After being served with the Complaint, Defendant removed the action to this Court on March 27, 2017. Following removal, the Court entered (1) a Related Case Order directing Plaintiff's counsel to inform the Court as to whether this litigation is related to any other litigation, (2) an Interested Persons Order directing Plaintiff's counsel to notify the Court of all persons and entities having an interest in this litigation, and (3) an Order directing Plaintiff's counsel to comply with the administrative procedures regarding electronic filing in this Court. Plaintiff's counsel failed to respond to all three of the Court's orders within the time provided.[1] As a result, on April 21, 2017, the Court ordered Plaintiff to show

---

[1] The Court notes that Plaintiff's counsel ultimately complied with the Interested Persons Order on May 15, 2017, more than a month after the deadline to do so had passed.

1

cause why this case should not be dismissed without prejudice. After failing to respond within the time provided, the Court dismissed this case without prejudice. Defendant now moves to dismiss this case **with** prejudice pursuant to Federal Rule of Civil Procedure 41(b) as a sanction for counsel's failings.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

However, dismissal with prejudice under this rule is an "extreme sanction" which can only be imposed when the Court finds that two circumstances are present: (1) the plaintiff engaged in a clear pattern of delay or willful contempt; and (2) a lesser sanction would not suffice. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). Importantly, "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338.

Here, the Court does not find that Plaintiff engaged in a clear pattern of delay or willful contempt. The Related Case Order, Interested Persons Order, and Order requiring compliance with the administrative procedures for electronic filing were directed to Plaintiff's counsel rather than Plaintiff, and it was Plaintiff's counsel, not Plaintiff, who failed to comply with these Orders. There is also no evidence in the record establishing that Plaintiff instructed its counsel to disregard the Court's orders. Accordingly, it would be inappropriate to impose the extreme sanction of dismissal with prejudice where there is no indication that Plaintiff is culpable for the misconduct at issue.

2

## III. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Involuntary Dismissal (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record